**The SUPERIOR OIL COMPANY, Petitioner,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

**Nos. 80–2365 and 81–4076.**

United States Court of Appeals, Fifth Circuit.*
Unit A

Feb. 17, 1982.

\* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Judy M. Johnson, J. Evans Attwell, Vinson & Elkins, Houston, Tex., for petitioner.

Joel M. Cockrell, Andrea Wolfman, Attys., F.E.R.C., Washington, D. C., for respondent.

Before CHARLES CLARK, GARZA and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

This case raises a single issue, namely the effective date of proposed rate increases by Superior Oil Company. On May 31, 1979 and September 4, 1979, Superior submitted to the Commission certain "rollover" gas contracts between it and United Gas Pipeline Company together with certain schedules and blanket affidavits required by the Commission's regulations. 18 C.F.R. § 154.94. Superior failed, however, to include the required Schedule 507 of Form 108 which it concedes was a "clerical error" on its part.[1] The Commission notified Su-

1. The Commission's regulations for proposed rate changes literally require only the "information called for in Schedule 507", 18 C.F.R.

perior that its filing was defective and on January 14, 1980, Superior filed Schedule 507. The Commission made the proposed rate increases effective as of February 14, 1980, on the basis that the filings were not in compliance with its requirements until Schedule 507 was received on January 14. Superior takes the view that the Commission should have made the effective dates July 1, 1979 and October 5, 1979, thirty days after the original materials were filed. The resulting delay cost Superior $1.4 million in lost revenue to which it was clearly entitled but for the Commission's treatment of the failure to submit the information on the required form.

In a similar case, *Atlantic Seaboard Corp. v. FPC*, 201 F.2d 568, 571–72 (1953), the Fourth Circuit found the petitioner's rate filings failed to comply in certain particulars with the regulations of the Commission. Additional data was supplied, and the Commission treated the filing date as the date on which this additional data was furnished. As in Superior's case here, Atlantic Seaboard urged that the date of the original filing should have been made the effective filing date. The Fourth Circuit recognized the authority of the Commission to prescribe rules and regulations with respect to the filing of rate increases, and the power of the Commission to exercise discretion in declining to receive rate schedules not reasonably complying with those rules.[2] The court found, however, that the Commission had not soundly exercised its discretion. To begin with, the Commission did not reject the schedules but allowed them to remain on file, and accepted complimentary matter which was promptly supplied to meet the criticism made. The court addressed the Commission's argument that its action merely amounted to a refusal to receive the schedules on the date of their original filing by stating:

§ 154.94(f). Other regulations require the Schedule itself. *See* 18 C.F.R. § 154.92(a). Although Superior's original filing arguably included the information "called for" in Schedule 507, Superior conceded to the Commission and on appeal that it erred in omitting the schedule from its original materials. We disregard Superior's later argument that it did not err because the Commission received the information

If this view be correct the action of the Commission amounted to a refusal to permit upon request the amendment of schedules filed, when such amendment did not change the proposed rates, did not delay the Commission in considering the rates beyond the 30-day period, could not possibly prejudice the Commission in the discharge of its duties nor hurt any party to the controversy in any way, and when failure to allow it might result in a large loss to the party asking the amendment. Not to permit such an amendment under the circumstances here shown is, we think, an abuse of discretion which we have the power to correct. . . . It is an abuse of discretion in an administrative agency to refuse an amendment when it can cause no delay, can hurt no one, is in furtherance of justice and is necessary to prevent irreparable loss to one of the parties.

201 F.2d at 571.

In considering whether the effective date was the filing of the original schedule or the amendment, the court relied on the principle of civil procedure that where an amendment to a complaint is allowed which does not introduce a new cause of action, the date of the commencement of suit and not the date of the amendment governs in applying the statute of limitations. Because the additional data supporting the original rate filing did not change the proposed rates, the amendment should not have been treated as a new filing. Therefore, the date of the original submittal should have been recognized as the effective filing date. 201 F.2d at 572.

■ The Commission would distinguish *Atlantic Seaboard* on the basis that there

"called for" in Schedule 507. At the time of filing, Superior understood the schedule itself to be required, as evidenced by other filings which it had made.

2. 18 C.F.R. § 154.100 states that the Commission reserves the right to reject any rate schedule for filing which fails to comply with the Commission's regulations.

the court was dealing with a "mere amendment" to a filing whereas here what is involved is an "incomplete" filing. This distinction is semantic at best. Clearly the instant case and *Atlantic Seaboard* both involve rate filings which were deficient in formal particulars, and subsequent action by the company to correct the mistake. The question in both cases is whether the effective date of the proposed rates shall be the date that the original materials were filed or the date that the data was put into the form required. Here, as in *Atlantic Seaboard Corp.*, the Commission kept the original materials on file and accepted the complimentary data.[3] The additional information did not change the proposed rates, nor prejudice the Commission in the discharge of its duties[4] nor affect any party interested in the filing in any way.

██ The Commission's actions only served to penalize Superior $1.4 million for an inconsequential clerical error. Certainly the Commission has the power to specify the form in which necessary information should be submitted and the prerogative to require that its specified format be followed. Indeed, we would ordinarily defer to its choice in procedural matters.[5] *Superior Oil Company v. FERC*, 563 F.2d 191, 201 (5th Cir. 1977). However, the Commission's punctilious insistence that the failure to follow its directions in the minor respect here involved should result in such a disproportionately heavy penalty works a manifest injustice and constitutes an abuse of discretion. The order of the Commission sought to be reversed is therefore VACATED and the proceeding is REMANDED

---

3. Had the Commission either accepted or rejected the filing in the absence of the missing schedule, the issue of substantial compliance would have been squarely before us. *See Municipal Light Boards of Reading and Wakefield, Massachusetts v. FPC*, 450 F.2d 1341, 1345 (D.C.Cir.1971), *cert. denied*, 405 U.S. 989, 92 S.Ct. 1251, 31 L.Ed.2d 445 (1972). As it is, we do not decide or even intimate a decision on that principle.

4. Although Superior's submission of Schedule 507 was made more than thirty days after the original filings, it was the Commission's delay in requesting the form which interfered with

with directions to enter July 1, 1979 and October 5, 1979 as the effective dates of Superior's rate filings.

the Commission's ability to suspend the proposed rates at an earlier period.

5. By this opinion, we do not intend to open up a Pandora's box, nor, for that matter, do we intend to give the slightest indication that the Commission's rules for filing do not have to be complied with. Our opinion is limited to the facts of this case where the error was technical and due to clerical mistake, the information needed appeared elsewhere in the filing, the Commission made no unanswered request for a proper form, and a contrary result would work such an exhorbitant forfeiture as to constitute a manifest injustice to Superior Oil Company.